IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE R. SERNA,

      Plaintiff,

v.                                                                No. 1:23-cv-00083-MV-SCY

DAVID WEBSTER and
MARGETTE WEBSTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, alleges that Defendants "filed a Claim, in state Court, to Foreclose on [Defendants'] transcript of Judgment" and "evicted" Plaintiff and his family from the Serna residence. Complaint at 3-4. Plaintiff also alleges that "The Property of the 'Mike R. Serna Irrevocable Living Trust' was wrongly taken, in a Foreclosure against Emma [Serna, who is Plaintiff's wife], the Trustee, and Mike Serna, the Settler, without a lawsuit or judgment against it, and was deprived of its property and due process of law." Complaint at 2. Plaintiff asserts due process claims pursuant to the Fourth and Fourteenth Amendments, a claim for emotional distress arising from the foreclosure on the property and a state-law claim for defamation because Defendant Margette Webster "tells everyone that she owns the property." Complaint at 2, 6, ¶¶ 1, 3. Plaintiff also requests a permanent injunction stating Defendants:

> have shown violent and abusive mannerisms ... [and] have shown up at the Serna's neighborhood, and have brought other to attack, and do bodily harm. The two [Defendants] have taken out writs of execution, and hired the Bernalillo [County Sheriff's] deputies to take all our furniture, and anything that is not tide [sic] down, and they hired two deputies to evict the Plaintiffs from the home they reside in.

Complaint at 7.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that:

> The Complaint fails to state due process claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. "The Fourth Amendment protects against the government's 1) unprivileged trespass on property expressly protected by the Fourth Amendment—'persons, houses, papers, and effects'—for the purpose of conducting a search or seizure; and 2) infringement of an individual's reasonable expectation of privacy." *United States v. Carloss*, 818 F.3d 988, 992 n.2 (10th Cir. 2016) (citing *Florida v. Jardines,* 133 S. Ct. 1409, 1414, 1417 (2013)). "The Fourteenth Amendment to the United States Constitution ensures that state officials shall not 'deprive any person of life, liberty, or property without due process of law.'" *McBeth v. Himes*, 598 F.3d 708, 723 (10th Cir. 2010) (quoting U.S. Const. amend XIV)). There are no allegations that Defendants are government or state actors.
>
> Plaintiff's due process claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution should be dismissed for failure to state a claim upon which relief can be granted.

Order to Show Cause at 1-2, Doc. 4, filed January 30, 2023. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's due process claims and to file an amended complaint. *See* Order to Show Cause at 2 (notifying Plaintiff that failure to timely file an amended complaint may result in dismissal of this case).

Plaintiff filed a Response to the Order to Show Cause, which discusses the alleged errors in the underlying foreclosure action and describes the eviction of Plaintiff and his wife by Bernalillo County Sheriff's Deputies and their interactions with Albuquerque Police Department Detectives. *See* Doc. 6, filed February 8, 2023. Plaintiff states that he "was not a party to [the foreclosure] award, and this is only for the purpose to show this Court how this disastrous, and injurious matter came about," and "is not asking this Court to review the [state-court foreclosure] case or judgment." Response at 1, 4. The Response indicates that Defendants requested the Bernalillo County Sheriff's Department to evict Plaintiff and his wife and requested Albuquerque Police Department Detectives "to try to intimidate the Serna's [sic] to remove themselves from the Property." Response at 6.

Allegations that Defendants requested law enforcement officers to remove Plaintiff and his wife from the foreclosed property are not sufficient to allege that Defendants were acting under color of state law.

> To state a claim under § 1983, Plaintiffs must allege "that they were deprived of a right secured by the Constitution or laws of the United States, and that [this] deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation marks omitted).
>
> Private conduct constitutes state action if it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). In general, however, "private misuse of a state statute does not describe conduct that can be attributed to the State." *Id.* at 941. And merely reporting an offense to state officials does not satisfy the color-of-state-law requirement. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983). In particular, when a private person invokes the aid of state personnel and institutions to seize property from someone, the private person does not act under color of state law unless the state law being applied is unconstitutional or the private person has participated in a conspiracy with the state personnel. *See Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1209-10 (10th Cir. 2005).

*Welch v. Saunders*, 720 F. App'x 476, 479 (10th Cir. 2017); *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (to state a Section 1983 conspiracy claim, a plaintiff must allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"). The Complaint contains no allegations that any statute is unconstitutional or that Defendants conspired with the Bernalillo County Sheriff's Deputies or the Albuquerque Police Department Detectives.

The Court dismisses Plaintiff's due process claims because the original Complaint does not contain any factual allegations showing that Defendants were acting under color of state law, the Response does not show that Defendants were state actors, and Plaintiff did not file an amended complaint containing factual allegations that Defendants were acting under color of law by the February 20, 2023 deadline.

The Court denies Plaintiff's motion for a temporary restraining order or injunction.  *See* Plaintiff's Additional Proof of the Need for a Temporary Restraining Order on the Defendants' [sic], Doc. 8, filed February 23, 2023 ("Motion for Injunctive Relief").  Rule 65 provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Rule 65 also provides that the Court "may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Plaintiff has not shown that he has provided notice to Defendants, has not certified any efforts he made to give notice, and has not stated any reasons why notice should not be required.  Plaintiff states that "there has already been irreparable injury to the rights of the Plaintiff" and "[a] temporary restraining order would stop the Defendants from continuing their allegedly harmful actions," but does not provide specific facts showing that future immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition.  Motion for Injunctive Relief at 1-2.  Furthermore, Plaintiff does not describe the acts he seeks to restrain.  *See* Fed. R. Civ. P. 65(d)(1)(C) ("Every order granting an injunction and every restraining order must ... describe in reasonable detail ... the act or acts restrained or required.").

Having dismissed Plaintiffs' federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.").  Because it has dismissed Plaintiffs' federal law claims

and declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims, the Court dismisses this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED.** Plaintiff's due process claims are **DISMISSED with prejudice.** The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice.

(ii) Plaintiff's Additional Proof of the Need for a Temporary Restraining Order on the Defendants' [sic], Doc. 8, filed February 23, 2023, is **DENIED.**

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**