IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE R. SERNA,

      Plaintiff,

v.                                                                                     No. 1:23-cv-00083-MV-SCY

DAVID WEBSTER and
MARGETTE WEBSTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND JUDGMENT

Plaintiff, who is proceeding *pro se*, alleged that Defendants "filed a Claim, in state Court, to Foreclose on [Defendants'] transcript of Judgment" and "evicted" Plaintiff and his family from the Serna residence. Complaint at 3-4. Plaintiff also alleged that "The Property of the 'Mike R. Serna Irrevocable Living Trust' was wrongly taken, in a Foreclosure against Emma [Serna, who is Plaintiff's wife], the Trustee, and Mike Serna, the Settler, without a lawsuit or judgment against it, and was deprived of its property and due process of law." Complaint at 2. Plaintiff asserted due process claims pursuant to the Fourth and Fourteenth Amendments. *See* Complaint at 2, 6, ¶¶ 1, 3.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that:

The Complaint fails to state due process claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution. "The Fourth Amendment protects against the government's 1) unprivileged trespass on property expressly protected by the Fourth Amendment—'persons, houses, papers, and effects'—for the purpose of conducting a search or seizure; and 2) infringement of an individual's reasonable expectation of privacy." *United States v. Carloss*, 818 F.3d 988, 992 n.2 (10th Cir. 2016) (citing *Florida v. Jardines,* 133 S. Ct. 1409, 1414, 1417 (2013)). "The Fourteenth Amendment to the United States Constitution ensures that state officials shall not 'deprive any person of life, liberty, or property without due process of law.'" *McBeth v. Himes*, 598 F.3d 708, 723 (10th Cir. 2010)

>(quoting U.S. Const. amend XIV)).  There are no allegations that Defendants are government or state actors.
>
>Plaintiff's due process claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution should be dismissed for failure to state a claim upon which relief can be granted.

Order to Show Cause at 1-2, Doc. 4, filed January 30, 2023.  Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's due process claims and to file an amended complaint.  *See* Order to Show Cause at 2 (notifying Plaintiff that failure to timely file an amended complaint may result in dismissal of this case).

Plaintiff filed a Response to the Order to Show Cause, which discusses the alleged errors in the underlying foreclosure action and describes the eviction of Plaintiff and his wife by Bernalillo County Sheriff's Deputies and their interactions with Albuquerque Police Department Detectives.  *See* Doc. 6, filed February 8, 2023.  Plaintiff states that he "was not a party to [the foreclosure] award, and this is only for the purpose to show this Court how this disastrous, and injurious matter came about," and "is not asking this Court to review the [state-court foreclosure] case or judgment."  Response at 1, 4.  The Response indicates that Defendants requested the Bernalillo County Sheriff's Department to evict Plaintiff and his wife and requested Albuquerque Police Department Detectives "to try to intimidate the Serna's [sic] to remove themselves from the Property."  Response at 6.

The undersigned found that allegations that Defendants requested law enforcement officers to remove Plaintiff and his wife from the foreclosed property are not sufficient to allege that Defendants were acting under color of state law, stating as follows:

>To state a claim under § 1983, Plaintiffs must allege "that they were deprived of a right secured by the Constitution or laws of the United States, and that [this] deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  "[T]he under-color-of-state-law element of § 1983 excludes from its

2

> reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation marks omitted).
>
> Private conduct constitutes state action if it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). In general, however, "private misuse of a state statute does not describe conduct that can be attributed to the State." *Id.* at 941. And merely reporting an offense to state officials does not satisfy the color-of-state-law requirement. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983). In particular, when a private person invokes the aid of state personnel and institutions to seize property from someone, the private person does not act under color of state law unless the state law being applied is unconstitutional or the private person has participated in a conspiracy with the state personnel. *See Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1209-10 (10th Cir. 2005).
>
> *Welch v. Saunders*, 720 F. App'x 476, 479 (10th Cir. 2017); *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (to state a Section 1983 conspiracy claim, a plaintiff must allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"). The Complaint contains no allegations that any statute is unconstitutional or that Defendants conspired with the Bernalillo County Sheriff's Deputies or the Albuquerque Police Department Detectives.

Mem. Op. and Order at 3, Doc. 9, filed March 31, 2023 ("Dismissal Order"). The Court dismissed Plaintiff's due process claims because "the original Complaint does not contain any factual allegations showing that Defendants were acting under color of state law, the Response does not show that Defendants were state actors, and Plaintiff did not file an amended complaint containing factual allegations that Defendants were acting under color of law by the February 20, 2023 deadline." Dismissal Order at 3 (declining to exercise supplemental jurisdiction over the state law claims and dismissing the case).

Plaintiff then filed his Objection to Dismissal of the Above Case. *See* Doc. 13, filed April 4, 2023. The Court construes Plaintiff's Objection as a Rule 59(e) motion to amend because it was filed within 28 days of entry of, and questions the correctness of, the Dismissal Order and Final Judgment:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

The Court denies Plaintiff's Motion to Amend the Court's Order of Dismissal and Final Judgment. Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Plaintiff fails to show that the Court's Order of Dismissal is erroneous. Plaintiff argues that: (i) the underlying foreclosure in state court was "wrongful;" (ii) the "State government has deprived me and my family of our 'Property;'" (iii) the undersigned's "decision of 'Dismissal' is the 'Wrong' remedy, and this Court should borrow state law, and know that federal rights were violated." Objection at 1. Plaintiff's due process claims in this case are asserted against the Websters, who were the plaintiffs in the underlying foreclosure action in state court. Plaintiff has not set forth any facts or argument showing that the Court's dismissal of Plaintiff's due process claims, based on its finding that the Websters are not state actors, is clearly erroneous or results in manifest injustice.

**IT IS ORDERED** that Plaintiff's Objection to Dismissal of the Above Case, Doc. 13, filed April 4, 2023, which the Court construes as a Rule 59 motion to amend judgment, is **DENIED.**

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**